Rosa Axtmayer, demandante y apelada, *v.* Simón Axtmayer, demandado y apelante.

No. 6094.—*Sometido:* Enero 30, 1934. *Resuelto:* Mayo 31, 1934.

*Celestino Iriarte,* abogado del apelante; *Pellón & Ayuso,* abogados de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Rosa Axtmayer demandó a su hermano Simón en cobro de $2,729.35 e intereses al 10 por ciento anual desde agosto 2, 1928, hasta el día de su pago, con más las costas, gastos y honorarios de abogado.

En la demanda se alegó, en resumen, que ocurrido el fallecimiento de doña Ana Axtmayer el 24 de mayo, 1926, sus hijos Henry, Joseph, Simón, Charles y Rosa se adjudicaron sus bienes consistentes en diferentes fincas situadas en Miramar, San Juan, en común y pro indiviso, en una proporción de una quinta parte cada uno; que luego Joseph, Simón, Charles y Rosa compraron su participación a su hermano Henry por $24,000 y en una proporción de una cuarta parte cada uno, confiándose la administración de los bienes a la demandante Rosa; que habiendo los cuatro hermanos llegado al acuerdo de disolver la comunidad, acuerdo que se llevó a efecto por escritura pública de julio 18, 1928, la demandante Rosa rindió su cuenta final de administración, practicándose una liquidación entre todos los condueños a virtud de la cual el demandado quedó a deber a la demandante la reclamada suma de $2,729.35 que el demandado se comprometió a pagarle en el término de dos años a contar de agosto 2, 1928, con intereses al diez por ciento anual, compromiso que no ha cumplido.

Contestó el demandado negando en resumen que se hu biera practicado la liquidación alegada y que se hubiera com prometido a pagar la suma que le reclama la demandante.

Fué el pleito a juicio. Ambas partes practicaron su prueba y la corte decidió el caso en favor de la demandante en cuanto a que el demandado había aceptado el saldo deudor que arrojaba la liquidación de la administración de las pro-

piedades de que se trata y que por tanto debía satisfacerlo, pero no en cuanto a que el demandado se hubiera compro-metido a pagar dicho saldo dentro de dos años con intereses al diez por ciento anual a partir del 2 de agosto de 1928. Por su sentencia condenó al demandado a pagar a la deman-dante $2,729.35, con intereses legales desde el 17 de diciem-bre de 1930, fecha de la radicación de la demanda, y las costas.

No conforme el demandado apeló para ante este tribunal señalando en su alegato la comisión de dos errores que se for-mulan así:

"1. La corte de distrito erró al declarar con lugar la demanda, cuyas alegaciones esenciales no están sostenidas por la prueba.

"2. La corte de distrito erró al llegar a la conclusión de que 'el demandado aceptó y estuvo conforme con la liquidación' hecha por la demandante, con el efecto de producir una cuenta líquida a favor de ésta y en contra de aquél."

Ambos señalamientos pueden estudiarse conjuntamente.

Hemos examinado la evidencia aportada por ambas par-tes y creemos que fué apreciada rectamente por el tribunal sentenciador.

No hay cuestión con respecto a la herencia, a los bienes que la constituyen, el encargo de administrarlos encomendado a la demandante y a que disuelta la comunidad la deman-dante tuvo una reunión con sus hermanos y les presentó la cuenta final de su administración de la que es parte lo que sigue:

"FORMA EN QUE SE USÓ EL NETO DE LAS RENTAS:

*A cobrar*

"Rosa Axtmayer su participación $3, 733. 78
    Tomado_____ 1, 004. 43
                       $2, 729. 35
"Joseph Axtmayer su participa-
    ción _____ $3, 733. 78
    Tomado_____ 2, 128. 52
                       $1, 605. 26

"Chas. Axtmayer su participación $3, 733. 78
    Tomado _____ 3, 284. 50
                          $449. 28
                                $4, 783. 89
"Jim Axtmayer tomado _____ $8, 517. 67
    Su participación _____ 3, 733. 78    *A pagar* $4, 783. 89."

No consta que la demandante presentara y los condueños, entre ellos el demandado, examinaran los comprobantes de la cuenta. Pero sí aparece que la cuenta fué aceptada por todos los condueños entre ellos por el demandado que ordenó al notario Sr. Alegría ante quien se había otorgado la escritura de disolución de comunidad, que preparara escrituras de hipoteca a favor de sus hermanos para garantizarles lo que según la liquidación les adeudaba. Dichas escrituras se otorgaron y fueron aceptadas por Joseph y Charles. También se preparó la escritura en cuanto a Rosa, pero por alguna circunstancia que no se aclara debidamente no fué aceptada por ella, quedando los hermanos disgustados y la deuda sin satisfacer, sin que se hubiera estipulado forma alguna concreta para solventarla. Y así las cosas surgió el pleito.

Bajo esas circunstancias creemos que la corte estuvo enteramente justificada al concluir que se trataba de una deuda vencida, líquida y exigible, no viniendo obligada la demandante para probar su existencia a practicar ante la corte la liquidación con todos los comprobantes de la administración que duró alrededor de dos años, como pretendía el demandado. Éste quedó obligado por sus propios actos. De acuerdo con la misma jurisprudencia que cita en su alegato se trataba de una cuenta liquidada, a saber: "Una cuenta rendida se convierte en una cuenta liquidada cuando el deudor asiente a ella, ya sea expresa o implícitamente. Hasta ese momento no es obligatoria para ninguna de las partes." 1 C. J. 597.

El hecho de que el demandado, como dijo al declarar en el juicio, hubiera actuado impremeditadamente y en un mo-

mento de coraje cuando aceptó la cuenta, ni se armoniza bien con la conducta deliberada que implica el otorgamiento de tres escrituras de hipoteca reconociendo deber las exactas cantidades que figuran en la liquidación, ni puede tomarse tan largo tiempo después en consideración.

El disgusto surgió, como hemos dicho, al no aceptar la demandante la escritura de hipoteca que el demandado le ofrecía y pretender que la deuda fuera satisfecha en dinero inmediatamente. Cuando ocurrió, pues, la desavenencia, ya el demandado de modo expreso había aceptado la liquidación y reconocido en su consecuencia el saldo deudor de la misma, y eso era todo lo que estaba obligada a probar como probó la demandante para que su acción prosperara en ese extremo fundamental. Lo que no logró probar a satisfacción de la corte—el contrato verbal subsiguiente sobre forma de pago— le fué negado.

*Por virtud de todo lo expuesto procede declarar sin lugar el recurso y confirmarse la sentencia apelada.*